UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALIA MERCHANT,

    Plaintiff,

v.                                               Case No: 8:21-cv-195-WFJ-JSS

UNITED STATES DEPARTMENT
OF EDUCATION, OFFICE OF CIVIL
RIGHTS, ATLANTA DIVISION and
SECRETARY OF EDUCATION,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS

This matter comes before the Court on Defendants' Motion to Dismiss, Dkt. 13, pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a valid claim. Plaintiff Alia Merchant,[1] proceeding *pro se*, filed a response in opposition to Defendants' motion. Dkt. 15. Upon consideration of the filings, the Court grants Defendants' Motion to Dismiss based on the Court's lack subject matter jurisdiction due to Defendants' sovereign immunity and Plaintiff's failure to state a valid claim for which relief can be granted.

---

[1] Plaintiff is also known as Nausheen Zainulabeddin.

## BACKGROUND

Plaintiff is a former student of the University of South Florida Morsani College of Medicine ("the University") who was dismissed from the medical-doctor program in January 2012 and again in March 2013 following her subsequent readmission. Dkt. 1-1 at 25. The University based both dismissals on her poor academic performance. *Id.* After her second dismissal, Plaintiff petitioned for readmission in May 2014. *Id.* at 91. In August 2014, the University denied Plaintiff's petition, basing its decision on her poor academic record despite "extraordinary" assistance and support provided by the University. *Id.* at 25, 231–33.

Plaintiff filed an administrative complaint with the Department of Education's Office of Civil Rights ("OCR") in August 2014, raising several allegations of racial discrimination due to her Asian race, disability discrimination due to her Attention Deficit Hyperactivity Disorder ("ADHD"), and retaliation by the University after Plaintiff requested academic adjustments. *Id.* at 18–19. OCR dismissed all but one of Plaintiff's allegations as untimely. *Id.* at 20. OCR opened an investigation into Plaintiff's remaining allegation regarding whether the University's denial of her petition for readmission was based on disability discrimination in violation of Title II of the Americans with Disabilities Act ("Title II") and section 504 of the Rehabilitation Act ("section 504"). *Id.* In February

2

2015, OCR issued its decision that there was insufficient evidence to establish that the University discriminated against Plaintiff under either statute. *Id.* at 23–24. Plaintiff appealed OCR's decision in April 2015, and her appeal was denied in December 2015. *Id.* at 30; Dkt. 1 ¶ 32.

In January 2016, Plaintiff sued the University in state court, claiming disability discrimination under section 504. The case was removed to the United States District Court for the Middle District of Florida in March 2016. *Zainulabeddin v. United States*, 138 Fed. Cl. 492, 500 (2018). Plaintiff asserted that the University improperly placed her on academic probation and that she would not have needed to repeat her first and second years of medical school had the University provided proper accommodations for her ADHD. *Id.* The district court granted summary judgment for the University in April 2017 and awarded the University most of its costs. *Id.* at 500–01. Plaintiff filed motions for reconsideration of the ruling and recusal of the district court judge. *Id.* Plaintiff also appealed the district court's summary judgment ruling and cost award to the United States Court of Appeals for the Eleventh Circuit. *Id.* at 501. She then filed a motion to stay her motion for reconsideration before the district court pending the outcome of her Eleventh Circuit appeal. *Id.* Her motion to stay was denied as moot after the district court denied her motions for reconsideration and recusal. *Id.*

In May 2017, Plaintiff appealed the district court's summary judgment and reconsideration rulings to the United States Court of Appeals for the Federal Circuit. *Id.* In June 2017, the Federal Circuit denied Plaintiff's appeal due to lack of subject matter jurisdiction. *Id.* Plaintiff petitioned the United States Supreme Court for a writ of certiorari and was denied. *Id.*

In December 2017, Plaintiff sued the University and United States before the Federal Court of Claims, asserting that the University discriminated against her and that OCR violated the Administrative Procedure Act ("APA") by failing to properly investigate her allegation of disability discrimination. *Id.* at 502. The Federal Court of Claims subsequently granted the Government's motion to dismiss for lack of subject matter jurisdiction and failure to state a claim for which relief could be granted. *Id.*

In September 2018, after previously consolidating Plaintiff's appeals, the Eleventh Circuit affirmed the district court's grant of summary judgment, denial of Plaintiff's motion for reconsideration, and grant of costs to the University. *Zainulabeddin v. Univ. S. Fla. Bd. of Trs.*, 79 F. App'x 776, 787−88 (11th Cir. 2018).

In her Complaint before this Court, Plaintiff attempts to raise several violations of the APA. Dkt. 1 at 5. Plaintiff's Counts I through III[2] allege that the Department of Education and Secretary of Education (collectively "the Department") violated the APA by arbitrarily and capriciously modifying the OCR Case Processing Manual ("CPM") without following notice-and-comment procedures. *Id.* at 24–33. Moreover, Plaintiff's Count IV alleges that the Department violated the APA when OCR failed to adequately investigate Plaintiff's administrative complaint and exercise its enforcement authority. *Id.* at 33–35. Plaintiff asks this Court to order injunctive relief in the form of tuition reimbursement, corrections to the amount owed on her student loans, reinstatement as a third-year medical student at the University, expungement of certain academic records, and eligibility to sit for the United States Medical Licensing Exam. *Id.* at 42–43.

While Plaintiff's Complaint also asks the Court to review the Department's response to her past FOIA request, Dkt. 1 at 43, Plaintiff now contends that she is not raising any claim pertaining to the FOIA request, Dkt. 15 at 8. Given that

---

[2] Plaintiff included two separate counts in her Complaint labeled as "Count III." Dkt. 1 at 26–27. Both counts ultimately raise the same allegation.

Plaintiff has made clear that she is not asserting a claim related to FOIA, the Court need not address this issue.[3]

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A Rule 12(b)(1) motion to dismiss may facially or factually challenge a plaintiff's complaint for lack of subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack on a complaint requires the court to determine if the plaintiff has sufficiently advanced a basis for subject matter jurisdiction. *Id.* Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, regardless of the basis that the plaintiff has alleged in the complaint. *Id.* When considering a factual attack, the court considers matters outside the pleadings. *Id.* Here, the Department presents both facial and factual challenges to Plaintiff's Complaint based on principles of sovereign immunity. Dkt. 13 at 9−10.

Under Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss for failure to state claim for which relief can be granted. When considering a Rule

---

[3] In any event, Plaintiff has not exhausted all administrative remedies as it pertains to her FOIA request, as she voluntarily withdrew her FOIA request in July 2019. Dkt. 13-2 at 55.

Plaintiff has made clear that she is not asserting a claim related to FOIA, the Court need not address this issue.[3]

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A Rule 12(b)(1) motion to dismiss may facially or factually challenge a plaintiff's complaint for lack of subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack on a complaint requires the court to determine if the plaintiff has sufficiently advanced a basis for subject matter jurisdiction. *Id.* Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, regardless of the basis that the plaintiff has alleged in the complaint. *Id.* When considering a factual attack, the court considers matters outside the pleadings. *Id.* Here, the Department presents both facial and factual challenges to Plaintiff's Complaint based on principles of sovereign immunity. Dkt. 13 at 9−10.

Under Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss for failure to state claim for which relief can be granted. When considering a Rule

---

[3] In any event, Plaintiff has not exhausted all administrative remedies as it pertains to her FOIA request, as she voluntarily withdrew her FOIA request in July 2019. Dkt. 13-2 at 55.

Plaintiff has made clear that she is not asserting a claim related to FOIA, the Court need not address this issue.[3]

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(1), a party may bring a motion to dismiss for lack of subject matter jurisdiction. The plaintiff bears the burden of proving that subject matter jurisdiction exists. *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A Rule 12(b)(1) motion to dismiss may facially or factually challenge a plaintiff's complaint for lack of subject matter jurisdiction. *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007). A facial attack on a complaint requires the court to determine if the plaintiff has sufficiently advanced a basis for subject matter jurisdiction. *Id.* Conversely, a factual attack challenges the existence of subject matter jurisdiction in fact, regardless of the basis that the plaintiff has alleged in the complaint. *Id.* When considering a factual attack, the court considers matters outside the pleadings. *Id.* Here, the Department presents both facial and factual challenges to Plaintiff's Complaint based on principles of sovereign immunity. Dkt. 13 at 9−10.

Under Fed. R. Civ. P. 12(b)(6), a party may bring a motion to dismiss for failure to state claim for which relief can be granted. When considering a Rule

---

[3] In any event, Plaintiff has not exhausted all administrative remedies as it pertains to her FOIA request, as she voluntarily withdrew her FOIA request in July 2019. Dkt. 13-2 at 55.

12(b)(6) motion, a court must determine whether the allegations contained in the plaintiff's complaint state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts follow a two-prong approach in determining whether a facially plausible claim exists within a complaint. *Iqbal*, 556 U.S. at 678. First, the court must accept as true all factual allegations within the complaint while ignoring any legal conclusions. *Id.* Second, the court must determine whether those factual allegations support plausible claims for relief. *Id.* at 679. Facial plausibility exists when a complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. When the allegations in a complaint, despite being accepted true, do not raise a claim for relief, the court should dismiss the complaint. *Id.* at 679.

## ANALYSIS

Under the doctrine of sovereign immunity, the United States is immune from suit unless it has consented to being sued. *United States v. Testan*, 424 U.S. 392, 399 (1976). Official capacity suits are treated as suits against the official's government agency and are, therefore, also subject to principles of sovereign immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Any waiver of the United States' sovereign immunity must be unequivocally expressed in a statute. *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Here, because Plaintiff is suing the Department of Education and Secretary of Education, the doctrine of sovereign immunity applies. Plaintiff's lawsuit will be barred for lack of subject matter jurisdiction unless the Department has unequivocally waived its sovereign immunity by statute. While the Department has consented to a partial waiver of its sovereign immunity, this waiver does not extend to injunctive relief. 20 U.S.C. § 1082(a)(2). This partial waiver is found in the Higher Education Act of 1965, which provides that "the Secretary may . . . sue or be sued . . . in any district court . . . ; but no attachment, injunction, garnishment or other similar process, mesne or final, shall be issued against the Secretary[.]" *Id.*

The only relief sought by Plaintiff that is within the Department's purview pertains to her student loans. However, even that relief is unavailable. Plaintiff has asked that this Court both enjoin the Department from collecting on her past federal student loans and compel it to grant her additional loans if she is readmitted to the University. Dkt. 1 at 43. Irrespective of the merits of Plaintiff's argument that such action is warranted, this would be injunctive relief. As clearly expressed in section 1082(a)(2) of the Higher Education Act, the Department retains its sovereign immunity in regard to suits seeking injunctions. In any event, this Court is not the proper forum for Plaintiff to eliminate her student loan debt; student loan debt must be addressed in bankruptcy proceedings. *See, e.g.*, *In re Cox*, 338 F.3d 1238, 1241−42 (11th Cir. 2003).

Even if Plaintiff's case was not barred by the principles of sovereign immunity, her Complaint fails to state a valid claim for which relief can be granted. Plaintiff first challenges the Department's modification of the CPM. The CPM is a document that outlines OCR's procedures for "evaluation, investigation, and resolution of complaints, as well as the processes that govern OCR's initiation of periodic compliance reviews and directed investigations." Dkt. 13 at 8. The modification at issue transferred the handling of administrative appeals from OCR Headquarters to OCR Regional Offices. Dkt. 1 at 8. Plaintiff asserts that this change violates the APA because it was arbitrary and capricious, and it was not conducted pursuant to notice-and-comment procedures. *Id.* at 3−4.

An agency action is considered arbitrary and capricious when the agency relied on factors that Congress did not intend for it to consider, completely failed to consider an important aspect of the issue, offered an explanation that is contrary to the evidence, or is so implausible that it cannot be ascribed to agency expertise or a difference in view. *Sierra Club, Inc. v. Leavitt*, 488 F.3d 904, 911 (11th Cir. 2007) (citing *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)). Additionally, the APA does not require notice and comment rulemaking for "rules of agency organization, procedure, or practice." 5 U.S.C. § 553(b); *see also Chrysler Corp. v. Brown*, 441 U.S. 281, 313−15 (1979).

The Department's modification of its CPM was not arbitrary and capricious, and notice-and-comment rulemaking was not necessary. The Department merely changed a procedural aspect of the internal handling of administrative appeals. Agency actions that are simply means of structuring the agency's enforcement authority are considered procedural rules that are exempt from notice-and-comment rulemaking. *Am. Hosp. Ass'n v. Bowen*, 834 F.2d 1037, 1055 (D.C. Cir. 1987). In other words, procedural rules are those that do not change the agency's substantive evaluation standards. *JEM Broad. Co. v. FCC*, 22 F.3d 320, 327 (D.C. Cir. 1994). By modifying the CPM to transfer the handling of administrative appeals from OCR Headquarters to OCR Regional Offices, the Department did not change any of its substantive standards. Rather, the change was merely a restructuring of the Department's enforcement authority.

Even if the CPM modification was actionable, Plaintiff's claim is time-barred. Civil actions against the Federal Government are subject to a six-year statute of limitations. 28 U.S.C. § 2401(a). OCR modified its CPM in December 2012.[4] Plaintiff did not file her Complaint until January 2021, over eight years after any cause of action, or lack thereof, accrued. For these reasons, Plaintiff has failed to state a valid claim regarding the modification of the CPM.

---

[4] *OCR Case Processing Manual*, U.S. DEP'T OF EDUC., https://www2.ed.gov/about/offices/list/ocr/docs/ocrcpm-2010.html#III_6 (last modified Jan. 10, 2020).

Next, Plaintiff alleges that the Department failed to adequately investigate her administrative complaint and exercise its enforcement authority. Plaintiff erroneously labels this cause of action as a violation of the APA, but the Court understands her argument as seeking judicial review of the Department's actions. However, not all agency actions are reviewable. Under section 701(a)(2) of the APA, judicial review is not permitted for agency actions committed to agency discretion by law. *Heckler v. Cheney*, 470 U.S. 821, 830 (1985). When a statute commits agency action to agency discretion, there are no judicially manageable standards for a court to review that action. *Id.* Such is the case here.

The Department's investigation of complaints and exercise of its enforcement authority are clearly committed to agency discretion by law. *See* 34 C.F.R. § 100.7(c). OCR is expressly charged with investigating complaints of unlawful discrimination by entities receiving federal funds from the Department. *Id.* Investigations are to be "prompt" and "should include, where appropriate, a review of the pertinent policies and practices of the recipient, the circumstances under which the possible noncompliance with [Title 34] occurred, and other factors relevant[.]" *Id.* The Department is not required to exercise its enforcement authority if OCR determines no further action is warranted after investigating a complaint. *Id.* at § 100.7(d). The evidence presented in the record demonstrates that OCR performed an investigation that comported with the statutory

11

requirements. Dkt. 1-1 at 23−28, 200−21. Based on that investigation, OCR concluded that no further action needed to be taken. *Id.* at 23−24. Though Plaintiff may disagree with its ultimate decision, the Department investigated her complaint as required by statute and was not required to do more.

Notwithstanding the fact that the Department's determination is not reviewable under the APA, the existence of another adequate remedy also precludes Plaintiff's claim. Under section 704 of the APA, an agency action is only reviewable when there is no other adequate remedy in court. An individual who alleges discrimination on the part of a regulated entity has the available remedy of bringing a suit directly against that entity. *See Cannon v. Univ. of Chicago*, 441 U.S. 677, 688−89 (1979) (holding that plaintiff could bring a discrimination claim directly against medical school). Here, the adequate remedy that exists for Plaintiff is a direct suit against the University. That Plaintiff has already pursued that remedy and lost[5] does not change the preclusion of her claim under section 704.

Ultimately, Plaintiff's case fails due to lack of subject matter jurisdiction and failure to state a valid claim. Her Complaint is dismissed with prejudice. It is not susceptible to cure or re-filing.

## CONCLUSION

---

[5] *Zainulabeddin v. Univ. of S. Fla. Bd. of Trs.*, No: 8:16-cv-637-T-30TGW, 2017 WL 5202998 (M.D. Fla. Apr. 19, 2017), *aff'd*, 749 F. App'x 776 (11th Cir. 2018).

The Court **GRANTS** Defendants' Motion to Dismiss, Dkt. 13, with prejudice. The clerk is directed to enter judgment accordingly and to close the case.

**DONE AND ORDERED** at Tampa, Florida, on August 24, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record and Plaintiff, *pro se*